UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUEZ PADILLA, INC., Plaintiff, v. BOOM & BUCKET INC., et al., Defendants. | Case No.: 26-CV-2577 W (VET) **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [DOC. 3]** |

Pending before the Court is Defendants' motion to dismiss the Complaint. Plaintiff opposes.

The Court decides the matter on the papers submitted and without oral argument. *See* Civ.L.R. 7.1d1. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion [Doc. 3] **WITHOUT LEAVE TO AMEND**.

## I. BACKGROUND

This breach of contract action arises from Plaintiff's alleged purchase of a Caterpillar tractor through an online auction platform. According to the Complaint,

Plaintiff Marquez Padilla, Inc., provides rentals of construction equipment. (*Compl.* [Doc. 1-2] ¶ 10.[1]) Defendants Boom & Bucket, Inc., Ironplanet, Inc., and Ritchie Bros. Auctioneers (America), Inc. *dba* Ritchie Bros provide online marketplaces for buying and selling heavy equipment. (*Id.* ¶¶ 11–12.) In addition, Ritchie Bros oversees the customer care and operational administration of the Ironplanet platform, which allegedly has a "Buy Now" feature where a purchaser can buy an item at a fixed price as opposed to making an offer on an item or participating in an auction. (*Id.* at ¶ 12.)

According to the Complaint, on March 2, 2026, Boom & Bucket agreed to sell a 1998 Caterpillar D11R tractor to Plaintiff for $113,750.00 (the "Agreement"). (*Compl.* ¶ 13.) At the time, Boom & Bucket was acting as the agent for the owner of the tractor. (*Id.*) Plaintiff alleges the Agreement is reflected by an invoice issued by Boom & Bucket on March 3, 2026, which states that "$113,750.00 USD [is] due March 10, 2026." (*Id.* at Ex. 1.[2]) On March 3, 2026, Plaintiff timely transferred $113,750 to Boom & Bucket. (*Id.* at ¶ 15, Ex. 1.) On March 5, 2026, Boom & Bucket confirmed in writing that it received and accepted the payment. (*Id.* at ¶ 16, Ex. 2.)

The Complaint further alleges that despite Boom & Bucket's agreement to sell Plaintiff the tractor, on March 10, 2026, Ironplanet and/or Richie Bros. processed a second sale in which a different buyer purchased the same tractor for $125,000. (*Compl.* at ¶ 18.) The next day, Ritchie Bros. sent Plaintiff an email confirming that the funds for the sale of the tractor had "arrived." (*Id.* at ¶ 19.)

Despite having paid for the tractor, Defendants have failed and refused to deliver the tractor to Plaintiff. (*Compl.* at ¶ 21.) Accordingly, on March 20, 2026, Plaintiff filed this lawsuit in the San Diego Superior Court against Defendants for (1) Specific Performance, (2) Breach of Contract, (3) Conversion and (4) Declaratory Relief. (*See*

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit 1.

[2] The Complaint states that a copy of the invoice is attached as Exhibit A, though it appears to be designated as Exhibit 1.

*Comply.*) All of the causes of action are asserted against Boom & Bucket. (*Id.* at 4:13–14, 5:3–4, 5:16–17, 6:4–5.) Only the conversion and declaratory relief causes of action are asserted against Ironplanet and Richie Bros. (*Id.* at 5:16–17, 6:4–5.)

On April 23, 2026, Defendants removed the case to this Court. (*See Notice of Removal.*) Defendants now move to dismiss the Complaint.

## II. LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

Complaints must contain "a short plain statement of the claim showing the that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. *Papasan v. Allain*, 478 U.S. 265, 286, (1986); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

//

# III. DISCUSSION

## A. Breach of Contract

Plaintiff's second cause of action is for breach of contract against Boom & Bucket. (*See Compl.* at 5:3–4.) To properly allege a breach of contract action under California law, a plaintiff must plead: (1) the existence of a contract; (2) plaintiff's performance of the contract or excuse for non-performance; (3) defendant's breach; and (4) resulting damages to plaintiff. *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). Defendants contend Plaintiff has failed to state a breach of contract claim for a number of reasons.

First, Defendants contend Plaintiff has failed to plead the existence of a contract because the Complaint does not set forth: "(1) when the alleged contract was formed and with what defendant; (2) whether the alleged contract was written, oral or implied by conduct (though the cause of action is styled as breach of written contract, and though Defendants know it was governed by agreed upon terms and conditions); (3) when the alleged contract was breached and by whom; or (4) who the actual parties to the contract were." (*P&A* [Doc. 3-1] at 3–8.) This argument lacks merit.

According to the Complaint and attached exhibits, on March 2, 2026, Boom & Bucket agreed to sell the tractor to Plaintiff for $113,750, which payment was due on March 10, 2026. The documents further establish that Boom & Bucket received the payment by March 10, 2026. Contrary to Defendants argument, these allegations are sufficient to establish the existence of a contract between Plaintiff and Boom & Bucket for the sale of the tractor for $113,750. *See CACI No. 302* (2026 ed.) (setting forth elements for contract formation).

Next, Defendants contend the Complaint is vague because the breach of contract cause of action is alleged against all Defendants. The Court disagrees. The heading for the breach of contract cause of action states that it is "[a]gainst Boom & Bucket" and does not identify any of the other named Defendants. (*Compl.* at 5:3–4.) In addition, although the second cause of action includes references to "defendants," the "General

Allegations" section—which sets forth the factual background—clarifies that the contract was between Plaintiff and Boom & Bucket:

> 13. On March 2, 2026, Boom & Bucket, acting as agent for the owner of a 1998 Caterpillar D11R tractor (9TR00370) (the "Tractor"), agreed to sell the Tractor to Plaintiff for $113,750.00 (the "Agreement"). The Agreement is reflected by an invoice ("Invoice") issued by Boom & Bucket on March 3, 2026, and according to the Invoice, the payment in the sum of $113,750.00 was due by March 10, 2026. A true and correct copy of the Invoice is attached hereto as Exhibit "1," and incorporated herein by this reference.
>
> * * *
>
> 15. On March 3, 2026, Plaintiff timely transferred $113,750 to Boom & Bucket, consisting of the $110,000 purchase price and a $3,750 commission for the total price of $113,750.00.
>
> 16. On March 5, 2026, Boom & Bucket confirmed in writing that payment was received and accepted. Proof that funds were sent, accepted, and received are attached hereto and incorporated herein by reference as Exhibit "2."
>
> 17. At that point, a binding and enforceable contract exist *between Plaintiff and defendant Boom & Bucket* for the sale of the Tractor.

(*Compl.* at ¶¶ 13–17, emphasis added.) These allegations were incorporated by reference into the second cause of action (*Id.* at ¶ 31). Together the header and incorporated factual allegations clarify that only Boom & Bucket is being sued for breach of contract.

Finally, Defendants contend the Complaint fails to describe the website and/or web address of the online auction, the terms of the online auction, whether Plaintiff made a bid, if it was accepted, when the auction ended or the details of the purchase. But it is entirely unclear why Defendants believe these facts are necessary to state a breach of contract claim against Boom & Bucket. Nor have Defendants cited any authority that would suggest the allegations are relevant. Accordingly, this argument also lacks merit.[3]

---

[3] Defendants' reply also argues the cause of action is insufficiently pled because "under California law, '[t]he prevailing rule is than an invoice, standing alone, is not a contract.'" (*Reply* [Doc. 7] at 3:8–16,

**B. Specific Performance and Declaratory Relief**

Defendants argue that the Complaint fails to allege causes of action for specific performance and declaratory relief. This argument is premised on the argument that Plaintiff failed to state a claim for breach of contract. (*P&A* at 6:26–28.) Because that argument lacks merit, Defendants' argument regarding specific performance and declaratory relief fail.

**C. Conversion**

Defendants argue the conversion cause of action must be dismissed under California's economic loss rule. This rule generally prohibits plaintiffs from recovering in tort for purely economic losses flowing from a contract breach, unless the conduct also violates an independent duty arising from tort law. *Bally v. State Farm Life Insurance Company*, 536 F.Supp.3d 495, 512 (N.D. Cal. 2021). "Whether the economic loss rule bars a conversion claim turns on 'whether the ownership interest that formed the basis for the conversion claim preexisted the contract or arises from the contract. Where the interest preexisted the contract, a conversion claim will lie.'" *Fine v. Kansas City Life Insurance Company*, 627 F.Supp.3d 1153 (2022) (quoting *Expedited Packages, LLC v. Beavex Inc.*, No. 15-00721, 2015 WL 13357436, at *4 (C.D. Cal. Sept. 10, 2015)). Because Plaintiff's alleged ownership interest in the tractor did not predate the alleged contract, Defendants contend Plaintiff's conversion claim is barred.

In response, Plaintiff argues the economic loss rule does not apply for two reasons. First, Plaintiff appears to argue that irrespective of the economic loss rule, California Civil Code § 1714(a) imposes a "general duty of each person to exercise . . . reasonable

---

citing *Villarroel v. Recology Inc.*, 775 F.Supp.3d 1050, 1065, fn 3 (N.D. Cal. 2025) (quoting *Hart v. Charter Communications, Inc.*, 2023 WL 3914285, at *8 (C.D.Cal., May 5, 2023).) However, it is unclear whether Plaintiff is alleging the Invoice constitutes a written contract or "reflects" the parties' agreement. Because the argument was not raised until the reply, plaintiff has not had an opportunity to address it. Accordingly, the Court declines to address the issue.

care for the safety of others." (*Opp'n* at 10:9–11, citing *Kesner v. Superior Court*, 1 Cal.5th 1132, 1142 (2016).) In other words, Plaintiff appears to be suggesting that this general duty creates an exception to economic loss rule as stated in *Fine*. The problem is that Plaintiff cites no authority remotely supporting this theory. Thus, the Court is not persuaded by Plaintiff's argument

Second, Plaintiff contends that with regard to Defendants Ironplanet and Ritchie Bros, its damages "do not flow from any breach of contract" and "[t]hus, the economic loss rule and any legal doctrine arising from *Fine v. Kansas City Life Insurance Company*, 627 F.Supp.3d 1153 (2022), does not apply…." (*Opp'n* at 10:19–23.) This argument is contracted by Plaintiff's allegations. The conversion cause of action alleges Plaintiff "was damaged in the loss of value of the Tractor." (*Compl.* at ¶ 39.) This loss occurred when Boom & Bucket breached the contract and "fail[ed] to deliver the Tractor to Plaintiff." (*Id.* at ¶ 34.) Thus, Plaintiff's loss of the value of the Tractor necessarily flowed from the breach of contract.

### D. Punitive Damages

Defendants argue the punitive damage claim must be dismissed. The Court agrees. Plaintiff is only seeking punitive damages in connection with the conversion cause of action. (*See Compl.* at ¶ 40.) Because that cause of action is barred, Plaintiff's punitive damage claim is insufficiently pled.[4]

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss [Doc. 12]. The conversion cause of action and punitive

---

[4] Additionally, Plaintiff could not seek punitive damages for the breach of contract cause of action, specific performance or declaratory relief causes of action. *See Cates Construction, Inc. v. Talbot Partners*, 21 Cal.4th 28, 61 (1999).

damage claim are **DISMISED WITHOUT LEAVE TO AMEND**. The motion is denied as to the remaining causes of action.

**IT IS SO ORDERED.**

Dated: October 7, 2026

Hon. Thomas J. Whelan
United States District Judge